993 F.2d 1539
 1 Wage & Hour Cas.2d (BNA) 744
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
George E. TRUSLOW, Plaintiff-Appellee,
v.
SPOTSYLVANIA COUNTY SHERIFF; Stafford County Sheriff,
Defendants-Appellants.
 No. 92-1479.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1993
Decided: May 13, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge; Albert V. Bryan, Jr., and Richard L. Williams, Senior District Judges. (CA-91-1083-A)
 Argued: John Adrian Gibney, Jr., Shuford, Rubin & Gibney, P.C., Richmond, Virginia, for Appellants.
 Michael Edward Levy, Leming, Healy & Levy, Stafford, Virginia, for Appellee.
 On Brief: David P. Buehler, Shuford, Rubin & Gibney, P.C., Richmond, Virginia, for Appellants.
 H. Clark Leming, Leming, Healy & Levy, Stafford, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before BUTZNER, Senior Circuit Judge, VOORHEES, United States District Judge for the Western District of North Carolina, sitting by designation, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 George S. Truslow ("Truslow") filed suit in the United States District Court for the Eastern District of Virginia in August 1991 against his former employers, Spotsylvania and Stafford County Sheriffs ("Sheriffs") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Truslow alleged the Sheriffs failed to pay him overtime wages for the time he spent caring for his police dog after work. At trial in February 1992, Truslow was awarded $29,940.62 in damages and attorney's fees. The Sheriffs appeal. We affirm.
 
 
 2
 Truslow was employed as a deputy sheriff in the canine unit of the Stafford County Sheriff's Department from approximately August of 1984 to January 1989. After he resigned from the Stafford County Sheriff's Office in January 1989, Truslow accepted a job with the Spotsylvania County Sheriff's Office as a K-9 officer. Truslow resigned from the Spotsylvania County Sheriffs' Office in February 1990.
 
 
 3
 In addition to his on-duty responsibilities, Truslow was responsible for the health and care of his dog. He was occasionally required to go on emergency calls, to perform training, and to present demonstrations while off-duty, for which he was compensated. However, Truslow was not compensated for other off-duty responsibilities. Truslow fed, groomed, and exercised his dog daily. He also routinely cleaned the kennel and the car in which he transported the dog to and from work. These tasks required approximately one hour per day, and Truslow was not compensated for such time.
 
 
 4
 The defendants knew that Truslow was performing these tasks and that, at the very least, the tasks would often have to be performed while Truslow was off-duty. The defendants were also aware that the FLSA required them to pay employees for all hours worked and to pay them overtime for all hours worked in excess of 171 hours during a 28 day work cycle. Accordingly, we affirm the judgment of the district court for the reasons stated in that court's order. George Eugene Truslow v. Spotsylvania County Sheriff, et al., CA No. 91-1083-A (E.D. Va. March 9, 1992).
 
 AFFIRMED